United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41326
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ROSENDO GARZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2401-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Rosendo Garza appeals his sentence following his guilty-plea conviction for possession with intent to distribute more than 50 grams of methamphetamine. He argues that the district court erred in denying him a minor-role adjustment to his offense level under U.S.S.G. § 3B1.2(b). Garza asserts that he was a minor participant because he was a courier and had limited knowledge of the conspiracy and drugs transported.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Garza did not preserve this issue in the district court, we review for plain error. See United States v. Washington, 480 F.3d 309, 313 (5th Cir. 2007). Pursuant to § 3B1.2 (b), a district court may decrease a defendant's offense level by two levels if the defendant was a minor participant. An adjustment for a minor role applies to a defendant "who is less culpable that most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.5). The district court did not plainly err in denying Garza a minor-role adjustment. Accordingly, Garza's sentence is affirmed.

Although Garza's sentence is affirmed, there is a clerical error in the record. The indictment and plea agreement charged Garza with possession with intent to distribute more than 50 grams of methamphetamine, whereas the judgment reflected that Garza was convicted of possession with intent to distribute more than 50 kilograms of methamphetamine. Accordingly, this matter is remanded to the district court for correction of the clerical error in the judgment pursuant to FED. R. CRIM. P. 36.

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT